UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERIC HOPKINS

VERSUS

CROWN ASSOCIATES,
LLC, ET AL.

CIVIL ACTION

NO. 18-595-BAJ-EWD

## **NOTICE AND ORDER**

Plaintiff, Eric Hopkins ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiff sustained in a May 12, 2017 automobile accident. On May 30, 2018, defendant, Crown Associates, LLC ("Crown") filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[1] For the reasons set forth herein, the Notice of Removal fails to adequately allege the citizenship of Crown and fails to adequately establish that the amount in controversy required for the exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is satisfied.

Crown alleges that it "is, and was at the time the state action was commenced, a Limited Liability Company with two members, both of whom are residents of the State of Ohio. Therefore, Crown Associates, LLC is a citizen of Ohio for purposes of determining diversity…."[2] Based on this allegation, Crown appears to recognize that the citizenship of a limited liability company is determined by the citizenship of each of the members.[3] However, in order to allege the citizenship

---

[1] R. Doc. 1.

[2] R. Doc. 1, ¶ 5.

[3] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of an unincorporated association which is also an unincorporated association. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced

1

of an individual, that individual's domicile must be alleged.[4] Here, Crown has only alleged the residency of its two members. Accordingly, the allegations of citizenship with respect to Crown are insufficient.[5]

Per the Petition, Plaintiff alleges that he "sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of enjoyment of life and any and all other damages that may be proven at the trial of this matter."[6] Crown asserts that the amount in controversy requirement of 28 U.S.C. § 1332 is met based on Plaintiff's list of alleged damages as well as Plaintiff's failure "to include a general allegation that Plaintiff's claims are less than the required jurisdictional amount for federal jurisdiction."[7]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[8] "When…the petition is vague regarding the types of injuries incurred

---

through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[4] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").

[5] Although Crown alleges that the other defendants named by Plaintiff in his Petition, Ace American Insurance Company and Lee Roussel, have not yet been served, Crown does adequately allege the citizenship of these defendants. *See*, R. Doc. 1, ¶¶ 6 & 7 (alleging Ace American Insurance Company is a corporation organized under Pennsylvania law with its principal place of business in Pennsylvania and that Roussel is domiciled in Louisiana). Crown further alleges that Plaintiff is domiciled in Mississippi. R. Doc. 1, ¶ 4.

[6] R/ Doc. 1-1, ¶ 10.

[7] R. Doc. 1, ¶ 11.

[8] *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), report and recommendation adopted, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"[9] Further, this court has held that "[f]ailure to include an allegation pursuant to article 893(A)(1) is a factor the Court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied."[10]

Here, neither the Petition nor the Notice of Removal provide any information regarding Plaintiff's specific injuries, amount of medical expenses, or claimed lost wages. There are no verified discovery responses (such as requests for admission) or pre-removal settlement demands. Based on the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Crown Associates, LLC shall file a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that adequately alleges the citizenship of Crown Associates, LLC. Crown Associates, LLC shall have seven (7) days from this Notice and Order to file the Motion to Substitute. No further leave of court is required to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that Crown Associates, LLC shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

---

[9] *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

[10] *Guidry v. Murphy Oil USA, Inc.*, 2013 WL 4542433, at * 6 (M.D. La. Aug. 27, 2013). *See also*, *Hawkins v. Combe, Inc.*, 2016 WL 3901446 (E.D. La. July 19, 2016).

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand within ten (10) days after the filing of the Defendant's memorandum regarding subject matter jurisdiction.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 31, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**