UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERIC HOPKINS

VERSUS

CROWN ASSOCIATES, LLC, ET AL.

CIVIL ACTION

NO. 18-595-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERIC HOPKINS

VERSUS

CROWN ASSOCIATES, LLC, ET AL.

CIVIL ACTION

NO. 18-595-BAJ-EWD

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiff, Eric Hopkins ("Plaintiff"). Defendants, Crown Associates, LLC ("Crown") and Lee Roussel ("Roussel") ("Defendants"), have filed an Opposition.[2]

For the reasons set forth herein, the undersigned **RECOMMENDS**[3] that the Motion to Remand[4] be **GRANTED** and that this matter be remanded to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

The undersigned further **RECOMMENDS** that Defendants' request for jurisdictional discovery regarding the amount in controversy[5] be **DENIED**.

The undersigned further **RECOMMENDS** that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c). However, because Plaintiff has not submitted any information regarding the appropriate amount of such fees, in the event this recommendation is adopted, the undersigned recommends that Plaintiff be ordered to file, within ten (10) days of the Ruling adopting this

---

[1] R. Doc. 7.

[2] R. Doc. 12. In addition to the Motion to Remand and Defendants' opposition, Crown previously filed a memorandum regarding the amount in controversy in response to this Court's order. *See*, R. Doc. 5. The undersigned has also considered this previous briefing when determining whether Defendants have met their burden of establishing, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00 exclusive of interest and costs.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 7.

[5] R. Doc. 12, pp. 4-6. *See also*, R. Doc. 5, p. 5.

1

recommendation, a Motion with supporting documents for costs and actual expenses, including attorney fees.

I.    **Background**

On or about May 10, 2018, Plaintiff filed a Petition (the "Petition") in state district court against Ace American Insurance Company ("Ace"), Crown, and Roussel for damages allegedly arising out of injuries Plaintiff sustained in a May 12, 2017 automobile accident.[6] Per the Petition, Plaintiff alleges that he "sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of enjoyment of life and any and all other damages that may be proven at the trial of this matter."[7] The Petition does not include any other information regarding Plaintiff's alleged injuries or damages.

On May 30, 2018, Crown removed this action pursuant to 28 U.S.C. § 1332.[8] In the Notice of Removal, Crown asserts that the amount in controversy requirement of 28 U.S.C. § 1332 is met based on Plaintiff's list of alleged damages as well as Plaintiff's failure "to include a general allegation that Plaintiff's claims are less than the required jurisdictional amount for federal jurisdiction."[9]

Based on the information asserted in the Notice of Removal, the court *sua sponte* raised the issue of whether the amount in controversy requirement was met, and ordered the parties to submit memoranda and supporting evidence concerning the amount in controversy.[10] In response

---

[6] R. Doc. 1-1, pp. 3-6.

[7] R. Doc. 1-1, p. 5, ¶ 10.

[8] R. Doc. 1. The parties are diverse. Crown alleges that Plaintiff is a domiciliary of Mississippi. R. Doc. 1, ¶ 4. *See also*, R. Doc. 1-1, p. 3. Crown alleges that Roussel is a domiciliary of Louisiana and that Ace is a "corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in Philadelphia." R. Doc. 1, ¶¶ & & 6. Regarding its own citizenship, Crown alleges that it is "a Limited Liability Company with two members, James F. Dicke II and James F. Dicke III, both of whom are residents of, and domiciled in, the County of Auglaize, State of Ohio." R. Doc. 1, ¶ 5.

[9] R. Doc. 1, ¶ 11.

[10] R. Doc. 2.

2

to that Order, Crown submitted a "Memorandum on the Amount in Controversy Requirement of 28 USC 1332."[11] Therein, Crown recognizes that other than Plaintiff's listed damages, the Petition "includes no additional factual statements or allegations regarding Plaintiff's alleged injuries"[12] and states that Crown

> unfortunately has no current mechanism by which to gather and provide information to the Court regarding the specific nature of Plaintiff's injuries beyond the litany of categorical damages that Plaintiff is seeking. The lawsuit filed against Crown was Crown's first notice of Plaintiff's claims. Thus, prior to the filing of the suit, Crown had no opportunity to conduct any investigation into the nature, extent, or duration of Plaintiff's claimed injuries and damages. Crown is only aware that the accident occurred on Interstate 10 in the Parish of Iberville and involved a four-vehicle collision.[13]

Crown additionally explains that following the Court's *sua sponte* Order, its counsel contacted Plaintiff's counsel for information regarding Plaintiff's injuries and to ask whether Plaintiff would be willing to stipulate that the damages sought were less than $75,000.00. Crown states that during a June 6, 2018 telephone conference, Plaintiff's counsel "was unable – or unwilling – to disclose *any* information whatsoever regarding Plaintiff's alleged injuries, other than to relay that he was not in possession of any of Plaintiff's medical records" and "declined to agree to a stipulation of damages."[14] Crown asserts that it "is unaware of any evidence to suggest that damages sought by Plaintiff are *less than* the amount required for federal jurisdiction," and that "the allegations in Plaintiff's Petition – coupled with Plaintiff's counsel's refusal to enter into a stipulation of damages and failure to provide undersigned counsel with *any information whatsoever* on

---

[11] R. Doc. 5.

[12] R. Doc. 5, p. 1.

[13] R. Doc. 5, p. 2. As Defendants do in their Opposition, Crown also averred in its Memorandum on the Amount in Controversy that "[i]n the event that this Court believes that additional information or evidence is needed regarding the amount-in-controversy requirement, Crown respectfully requests that the Court allow Crown to conduct limited jurisdictional discovery focused on the amount in controversy." R. Doc. 5, p. 4.

[14] R. Doc. 5, p. 3.

3

Plaintiff's injuries, treatment, and damages sought – makes it clear that Plaintiff is seeking to recover damages in excess of the federal jurisdictional amount."[15]

On June 12, 2018, Plaintiff filed the instant Motion to Remand, asserting that Crown had failed to meet its burden of establishing this Court's federal subject matter jurisdiction and requesting attorney fees.[16] Per the Motion to Remand, Plaintiff contends that the amount in controversy is not facially apparent and that the "boilerplate allegations of damages" are not sufficient to meet Crown's burden.[17]

In their Opposition to the Motion to Remand, Defendants maintain that "the amount in controversy is readily deduced from the State Court Petition" based on Plaintiff's list of sought-after damages and Plaintiff's failure to include a jurisdictional allegation.[18] Defendants again note Plaintiff's counsel's inability or unwillingness to provide information regarding Plaintiff's injuries and damages, and that Plaintiff's counsel declined to agree to a stipulation of damages.[19] Alternatively, "[t]o the extent the Court believes that additional information or evidence is needed regarding the amount in controversy requirement," Defendants contend that they should be permitted to conduct limited jurisdictional discovery.[20] With respect to their request for jurisdictional discovery, Defendants reiterate that the filing of this suit "was their first notice of Plaintiff's claims" and explain that "because Federal Rule of Civil Procedure 26 provides that '[a]

---

[15] R. Doc. 5, p. 4.

[16] R. Doc. 7. Defendants object to the request for attorney fees, arguing that Crown had an objectively reasonable, good faith basis for removal. R. Doc. 12, p. 6.

[17] R. Doc. 7-1, pp. 3-4.

[18] R. Doc. 12, pp. 2-3.

[19] R. Doc. 12, p. 3. *See also*, *id.*, pp. 3-4 ("To date…Plaintiff's counsel still refuses to provide any additional information regarding Plaintiff's injuries or damages. Moreover, Plaintiff's counsel still refuses to acknowledge or stipulate that the amount in controversy is less than $75,000.00. Certainly, this information is readily available to Plaintiff's counsel and can be easily provided.").

[20] R. Doc. 12, pp. 4-6.

4

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…[,]' Defendants have no mechanism by which to gather and provide information to the Court regarding the specific nature of Plaintiff's injuries beyond the litany of categorical damages that Plaintiff is seeking."[21]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[22] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[23] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[24] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[25] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[26] The removing party has the burden of proving federal diversity jurisdiction.[27] Remand is proper if at any time the court lacks subject matter jurisdiction.[28]

---

[21] R. Doc. 12, p. 4.

[22] 28 U.S.C. § 1441(a).

[23] 28 U.S.C. § 1332(a)-(a)(1).

[24] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[25] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[26] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[27] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[28] *See*, 28 U.S.C. § 1447(c).

5

## B. Defendants Have Failed to Establish, by a Preponderance, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[29] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[30] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[31] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[32]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[33] Here, Plaintiff's Petition does not provide any specificity regarding his damages or injuries. The Petition includes only a boilerplate list of damages for "pain and

---

[29] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[30] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[31] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

[32] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[33] *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

6

suffering, mental anguish and suffering, medical expenses, lost wages, [and] loss of enjoyment of life…"[34] and does not provide any information regarding Plaintiff's actual injuries, treatment, expenses, or lost wages. "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"[35]

Because it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold, Defendants must establish, by a preponderance, that the amount in controversy likely exceeds $75,000. Defendants argue that Plaintiff's categorical list of damages, in conjunction with the Petition's lack of a jurisdictional allegation and Plaintiff's counsel's subsequent failure to agree to a post-removal stipulation regarding damages or provide additional information regarding damages, is sufficient to meet their burden. The undersigned disagrees.

First, Plaintiff's list of categorical, boilerplate damages provides no meaningful information regarding the amount in controversy. Without any specific information regarding Plaintiff's injuries, the undersigned cannot assume that the amount in controversy is met based on the listing of categories of damages usually found in most state court petitions for personal injuries.[36]

---

[34] R. Doc. 1-1, p. 5, ¶ 10. Even Plaintiff's counsel describes the damages as listed in the Petition as "boilerplate." R. Doc. 7-1, p. 4.

[35] *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

[36] *See*, *e.g.*, *Coburn v. International Paper Co.*, Civil Action No. 12-2163, 2013 WL 4776781, at * 2 (W.D. La. Sept. 4, 2013) ("Coburn did not plead any facts that would support a significant award of damages. Rather, his petition lists boilerplate categories of damages sought such as 'mental anguish' and 'pain and suffering,' terms which are likely found in most petitions filed in state court. The court cannot consider such an unsupported listing in calculating the amount in controversy. A $50,000 case does not become a federal case just because the plaintiff's attorney listed several damage categories in his petition."); *Daigle v. Borden Chem., Inc.*, No. CIV.A. 03–2100, 2003 WL 22671726, at *2 (E.D. La. Nov. 7, 2003) ("Although the Plaintiffs have provided categories of damages in the Petition, the Plaintiffs have not specified the types of injury they allegedly sustained, or the severity of those injuries. The vague description of injury in the Petition cannot itself support a finding that the amount in controversy requirement has been met in this case."); *Erving v. Fred's Stores of Tennessee, Inc.*, 14-cv-141, 2015 WL 1954443, at * 2 (N.D. Miss. April 29, 2015) (finding that boilerplate list of damages did not facially support removal and that restating plaintiff's

7

Second, while Defendants rely on "the Petition's failure to include a general allegation that Plaintiff's claims are less that the required jurisdictional amount for federal diversity jurisdiction,"[37] the failure to include such an allegation is not dispositive of the amount in controversy. Louisiana Code of Civil Procedure 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required." With respect to La. C.C.P. article 893(A)(1), this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[38] While Plaintiff's failure to include an allegation pursuant to La. C.C.P. 893(A)(1) is a factor considered by the undersigned when determining whether Defendants have met their burden of establishing that the amount in controversy is met, it cannot, without more, carry Defendants' burden of establishing this court's subject matter jurisdiction.

Finally, Defendants complain that Plaintiff's counsel "was unable – or unwilling – to disclose *any* information whatsoever regarding Plaintiff's alleged injuries. Plaintiff's counsel also declined to agree to a stipulation of damages."[39] However, Crown also notes in its Memorandum

---

vague allegations was insufficient to meet removing party's burden to establish the amount in controversy using summary judgment-type evidence).

[37] R. Doc. 12, p. 3.

[38] *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007). *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007).

[39] R. Doc. 12, p. 3.

in Support of the Amount in Controversy that Plaintiff's counsel stated during the June 6, 2018 telephone conference that he was not in possession of any of Plaintiff's medical records.[40]  As this lawsuit is in the very early stages (Plaintiff filed suit on May 10, 2018 and Crown removed this action only twenty days later), it is not entirely surprising that Plaintiff's counsel was not in possession of medical records.  It is also unclear whether the refusal to stipulate was based on counsel's belief that Plaintiff's damages exceed $75,000.00 or instead was because counsel did not have sufficient information to know one way or the other.  Without Plaintiff's medical records, it is arguable whether Plaintiff's counsel would have sufficient information to even consider stipulating regarding the amount of Plaintiff's damages.  Further, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.[41]  Here, Defendants' repeated complaint that Plaintiff's counsel has failed to provide sufficient information regarding the amount in controversy and has failed to stipulate to damages less than $75,000 is not enough to meet their burden.  "There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy

---

[40] R. Doc. 5, p. 3.

[41] *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6994347, at * 3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (citing *Cole v. Mesilla Valley Transportation*, Civ. A. No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, Civ. A. No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, Civil Action No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'  Such a refusal 'is but one factor for the court to consider.'") (internal citation omitted).  *See also*, *Lowe v. State Farm Fire & Cas. Co.*, Civil Action No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy.  However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

9

requirement is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden."[42]

Accordingly, the undersigned finds that Defendants have not satisfied their burden to establish, by a preponderance, that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.[43]

### C. Defendant's Request for Jurisdictional Discovery Should be Denied

In the event this Court finds that Defendants have failed to meet their burden of establishing the amount in controversy, Defendants ask for leave to conduct jurisdictional discovery and request that the Court "stay the pending Motion to Remand pending the outcome of such limited discovery."[44] Although this Court and others have allowed jurisdictional discovery regarding the amount in controversy in other cases, for the reasons discussed herein, the undersigned finds that allowing jurisdictional discovery in this case is inappropriate.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[45] Parties "cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. Further, a federal court will not permit a defendant to consent to jurisdiction or to fail to challenge it."[46] As explained above, the party asserting federal subject matter jurisdiction bears the burden

---

[42] *Wright Family Investments, LLC v. Jordan Carriers, Inc.*, Civil Action No. 12-826, 2012 WL 2457664, at * 4 (W.D. La. June 25, 2012). *See also*, *Jacobs*, 2015 WL 4543060, at * 4 (remanding where there was no information regarding plaintiff's treatment or the cost of such treatment and finding plaintiff's refusal to stipulate was insufficient to meet defendant's burden because "[t]o find otherwise would make the refusal to sign such a stipulation determinative of jurisdiction….").

[43] Because Defendants have not met their burden to establish that the amount in controversy likely exceeds the jurisdictional amount, it is not necessary to consider whether Plaintiff has shown to a legal certainty that the amount in controversy is less than $75,000.

[44] R. Doc. 12, pp. 5-6.

[45] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[46] *Occidental Chemical Corp. v. Saia Motor Freight Line, LLC*, Civil Action No. 15-689, 2016 WL 6518668, at * 2 (M.D. La. Aug. 31, 2016) (citing 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.). *See also*, *Moore v. Office Depot*,

of establishing such jurisdiction exists,[47] and the removal statute is strictly construed such that any doubt as to the propriety of removal should be resolved in favor of remand.[48] Granting Defendants' request to "stay" the pending Motion to Remand while the parties engage in discovery is effectively a request for the court to presume it has jurisdiction until proven otherwise.[49]

Although the undersigned agrees that Plaintiff is likely in a better position to provide Defendants with information regarding the amount of his damages and the extent of his injuries, that such information is at Plaintiff's disposal does not absolve a removing party from its responsibility of discovering that information *prior to* removal so it may properly support its assertion that federal subject matter jurisdiction exists.  Significantly, the Fifth Circuit has repeatedly stated that "protective" removals are disfavored and has established timing rules that would have allowed Defendants to engage in discovery regarding the amount in controversy *prior* to removal.[50]  Although these timing rules clearly place the onus of starting the thirty-day clock

---

*Inc.*, Civil Action No. 10-400, 2010 WL 2671927, * 2 at n. 4 (W.D. La. June 30, 2010) ("Although plaintiffs now do not contest that the amount in controversy exceeded $75,000 at the time of removal, the parties cannot confer federal subject matter jurisdiction via consent."); *Lehman v. Protective Ins. Co.*, No. Civ.A. 04-378, 2004 WL 744877, at *1 (E.D. La. April 6, 2004) ("The parties may neither consent to nor waive federal subject matter jurisdiction.") (citing *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999))).

[47] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[48] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[49] Courts outside of this Circuit have found such requests contrary to the rule that doubt should be resolved in favor of remand.  *See*, *May v. Wal-Mart Stores, Inc.*, 751 F.Supp.2d 946, 951 (E.D. Ky. 2010) (explaining that a request to retain jurisdiction pending jurisdictional discovery was "exactly backwards.  For this case to be in federal court, [defendant] must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Until [defendant] has done so, the Court must presume it lacks jurisdiction.").  *See also*, *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1217-1218 (11th Cir. 2007) ("the defendants here asked that the district court reserve ruling on the motion to remand so that they could conduct discovery to obtain information from the plaintiffs that would establish that the court has jurisdiction.  The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.  The natural consequence of such an admission is remand to state court.").

[50] In *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992), the Fifth Circuit announced a "bright-line rule" that the 30-day period in which a defendant must remove under the first paragraph of 28 USC §1446(b) "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount."  The Fifth Circuit explained that such a rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and rejected a "due diligence" standard which "would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is

11

for removal on the plaintiff (at least when that period is to be triggered by the initial pleading), it remains a removing defendant's burden to establish by a preponderance of the evidence that federal subject matter jurisdiction exists at the time of removal.[51]  As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal.  That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'"[52]  Here, Crown was served on May 29, 2018[53] and filed its Notice of Removal one day later, May 30, 2018.  Crown explains that the filing of the lawsuit on May 10, 2018 was its first notice of Plaintiff's claims and acknowledges that it has no information beyond the allegations in the Petition regarding Plaintiff's injuries or damages.  There is no indication that

---

in excess [of the jurisdictional amount] so as to be sure that they do not accidentally waive their right to have the case tried in a federal court." *Id*. *See also*, *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) ("the rule remains that the thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiff's sought damages exceeding the jurisdictional amount.").  Similarly, in *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), the Fifth Circuit held that under the second paragraph of 28 USC §1446(b), "information supporting removal in a copy of an amended pleading, motion, order, or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal…."  In so holding, the Fifth Circuit explained the clearer threshold would promote judicial economy and "should reduce 'protective' removals by defendants faced with an equivocal record.  It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts."  *Id*. *See also*, *id*. at 212 ("this reading of the second paragraph ought to reduce removals, consistent with the policy behind this canon [that removal statutes are strictly construed against removal and for remand].  This supposes that a defendant will be less likely to act on more equivocal information…because such a 'protective' removal is no longer necessary to avoid the risk of losing his right to removal by the lapse of time.").

[51] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[52] *Bonvillian v. National Liability & Fire Ins. Co.*, Civil No. 6:16-1708, 2017 WL 892311, at * 3 (W.D. La. Feb. 1, 2017) (quoting *Bosky*, 288 F.3d at 211)).  *See also*, *Nordman v. Kansas City Southern Railway Co.*, Civil Action No. 08-2025, 2009 WL 976493, at * 3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy.  Otherwise, the case is swiftly remanded.  The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like.  Those protective removals waste a great deal of time for the parties and the court.  To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions.").

[53] R. Doc. 1, ¶ 14.

Defendants engaged in any discovery prior to removal of this suit regarding any of Plaintiff's damages, medical expenses, or lost wages. It does not appear that Crown's counsel even informally reached out to Plaintiff's counsel to discuss the amount of Plaintiff's claimed damages until after this Court raised the amount in controversy question via its *sua sponte* Order. That a plaintiff likely has superior knowledge about his or her damages is the reason the policy encouraging defendants to obtain that information before removal exists. This suit appears to be a text-book example of the sort of protective removal the Fifth Circuit has cautioned against and which the timing rules relative to removal are designed to address.

In support of their request for jurisdictional discovery on the amount in controversy, Defendants provide a copy of an April 12, 2017 Order & Reasons from the Eastern District of Louisiana in *Williams et al v. Ace at al*.[54] While the *Williams* court directed the parties "to conduct discovery by way of deposition, focusing on the amounts" "[s]ince the Court has no information regarding the amount in controversy,"[55] that court did not provide any further analysis of the jurisdictional discovery issue in its Order & Reasons.[56] Defendants also correctly point out that this Court previously allowed limited jurisdictional discovery in *Occidental Chemical Corp. v.*

---

[54] R. Doc. 12-2, *Dianne Williams, et al. v. Ace, et al.*, Civil Action No. 16-17762, United States District Court, Eastern District of Louisiana. Although not cited by Defendants, this Court deferred ruling on a Motion to Remand based on the amount in controversy in *Vessell v. Wal-Mart Stores, Inc.*, Civil Action No. 07-228, 2007 WL 9711089 (M.D. La. Nov. 11, 2007). There, however, defendant had served plaintiffs with interrogatories and requests for production in state court and following removal, plaintiffs' counsel agreed to respond to the pending discovery. *Id*. at * 1. The court agreed that plaintiffs' responses following removal were "incomplete and evasive" and that "had plaintiffs provided complete responses, [defendant] may have been able to carry its burden of proving, by a preponderance of the evidence, that plaintiffs' claims are likely to exceed the jurisdictional minimum." *Id*. at * 4. This Court explained that "[d]iscovery responses, whether submitted prior to or following removal, may be relevant to the jurisdictional determination if they help to clarify a petition that is ambiguous regarding the amount in controversy in this case" and therefore "before the Court issues a report and recommendation relative to the jurisdictional amount issue, [defendant] is entitled to production of complete responses to its discovery requests…." *Id*. at * 4 & 5. Unlike the situation in *Vessell*, Defendants apparently did not engage or attempt to engage in any discovery prior to Crown's removal.

[55] R. Doc. 12-2, p. 6.

[56] It appears that the plaintiffs' allegations in *Williams*, including that they suffered "severe physical pain and suffering and keen mental anguish," required "extensive medical care and treatment," and incurred "surgical" expenses, R. Doc. 12-2, p. 3, were slightly less "boilerplate" than the allegations of damages set forth in the Petition here.

13

*Saia Motor Freight Line, LLC*.[57] In *Occidental*, the undersigned granted the parties a 90-day period to conduct jurisdictional discovery regarding the amount in controversy. In doing so, the undersigned noted that per the Petition for Damages, plaintiff sought approximately $67,270.31 in repair costs for a pump rotor, but that plaintiff did not provide any basis for its assertion that it was entitled to attorney fees and there was no indication of the amount in controversy related to plaintiff's other alleged damages. Accordingly, in *Occidental*, explicit allegations in the Petition indicated that plaintiff's claimed damages were close to the jurisdictionally required amount.[58] Unlike the situation in *Occidental*, there is no specific factual information regarding Plaintiff's damages here. Considering the Fifth Circuit's repeated admonitions regarding protective removals, the undersigned finds that allowing jurisdictional discovery regarding the amount in controversy here would be inappropriate.[59]

### D. Plaintiff's Request for Fees Should be Granted

In the Motion to Remand, Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).[60] Section 1447(c) provides, in pertinent part, "[a]n order remanding the case

---

[57] Civil Action No. 15-689, 2016 WL 6518668 (M.D. La. Aug. 31, 2016).

[58] *Occidental Chemical Corporation v. Saia Motor Freight Line, LLC; Saia, Inc.; ABC Insurance Company*, Civil Action No. 15-689-BAJ-EWD, United States District Court, Middle District of Louisiana, R. Doc. 21. The Western District of Louisiana appears to have used similar reasoning in *Kirby's Family Pharmacy, Inc. v. Prime Therapeutics, LLC*, Civil Action No. 14-2690, 2015 WL 1096403, at * 3 (W.D. La. March 5, 2015) (denying alternative motion for jurisdictional discovery regarding the amount in controversy because "it does not appear to the court that discovery in this matter is likely to result in evidence that the jurisdictional threshold is met since the main demand is for $237.40.").

[59] The Fifth Circuit has also explained that "[w]hen the jurisdiction of a federal court is challenged, that court has a duty to make inquiries necessary to establish its own jurisdiction." *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Further, "[t]he trial court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied. '[T]he blueprint of the method of determining the length and breadth of the amount in controversy is entirely within the discretion of the trial court.'" *Id*. (quoting *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 666 (5th Cir. 1971)). Courts in this Circuit have exercised such discretionary authority to deny jurisdictional discovery regarding the amount in controversy. *See*, *Southern-Owners Ins. Co. v. Tomac of Florida, Inc.*, Civil Action No. 09-1697, 2009 WL 7797049, at * 3 (S.D. Tex. Oct. 20, 2009) (finding plaintiff was not entitled to jurisdictional discovery on amount in controversy but noting that "[i]f the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of facts that would create jurisdiction, the right to conduct jurisdictional discovery should be sustained.").

[60] *See*, R. Doc. 7-1, p. 5.

may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[61]  However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[62]  In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[63]

Without any information regarding Plaintiff's injuries or damages, it is difficult for the undersigned to find that Crown had an objectively reasonable basis to believe its removal was legally proper.  Crown conceded as much in email correspondence to Plaintiff's counsel, sent after the Court issued its *sua sponte* order, wherein counsel stated "we currently have no information (beyond the bare bone allegations in Plaintiff's Petition) regarding the injuries alleged by Plaintiff, the treatment to date, the treatment recommended for Plaintiff's future care, or the amount and duration of lost wages sought by Plaintiff."[64]  Given that Crown removed this suit one day after Crown was served,[65] Crown had sufficient time to conduct discovery in state court regarding the amount in controversy prior to its removal.  Although Crown correctly points out that Plaintiff failed to include a jurisdictional allegation as required by article 893, as set forth above, this Court has consistently held that the failure to include such allegation is not dispositive of the amount in

---

[61] 28 U.S.C. § 1447(c).

[62] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).  Considering the discretionary nature of an award under 28 U.S.C. § 1447(c) and the fact that the award is not automatic, the undersigned considers whether such an award is appropriate on a case-by-case basis.  Here, the undersigned finds Crown's removal one day after it was served and without any information regarding the extent or nature of Plaintiff's injuries or damages warrants such an award.

[63] *Id.* at 293.

[64] R. Doc. 5-1.

[65] R. Doc. 1, ¶ 14.

15

controversy question.[66]  Moreover, any "failure to stipulate" regarding the amount in controversy occurred *after* Crown's removal and cannot serve as part of the basis for Crown's belief that removal was legally proper.

Based on these considerations, as well as the Fifth Circuit's position regarding protective removals, the undersigned recommends that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c).  However, Plaintiff has not submitted any information regarding the appropriate amount of such fees and costs.  28 U.S.C. § 1441(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Accordingly, in the event this recommendation is adopted, the undersigned further recommends that Plaintiff be ordered to file, within ten (10) days of the Ruling adopting this recommendation, a Motion with supporting documents, for costs and actual expenses, including attorney fees.[67]

### III.   Conclusion

For the reasons set forth herein, the undersigned finds that Defendants have not carried their burden of establishing, by a preponderance of the evidence, that the amount in controversy likely exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332.  Accordingly, the undersigned **RECOMMENDS** that the Motion to Remand[68] be **GRANTED** and that this matter be remanded to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

---

[66] *See*, *supra*, n. 38.

[67] *See*, *Gee v. Texas*, No. 3:18-cv-833, 2018 WL 3321257, at * 5 (N.D. Tex. June 12, 2018) ("While the Court should award Stacey Gee her costs and actual expenses, including the attorneys' fees, associated with the removal of this action, she has yet to provide the Court an affidavit from her attorney outlining those costs and expenses.  But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), it should remand this action and then refer the costs-and-expenses issue to the undersigned United States magistrate judge for recommendation.") (citing *Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 921-22, 2004 WL 75425 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

[68] R. Doc. 7.

16

The undersigned further **RECOMMENDS** that Defendants' request for jurisdictional discovery regarding the amount in controversy be **DENIED**.

The undersigned further **RECOMMENDS** that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c). However, because Plaintiff has not submitted any information regarding the appropriate amount of such fees, in the event this recommendation is adopted, the undersigned recommends that Plaintiff be ordered to file, within ten (10) days of the Ruling adopting this recommendation, a Motion with supporting documents, for costs and actual expenses, including attorney fees.

Signed in Baton Rouge, Louisiana, on October 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**